

IN THE COURT OF COMMON PLEAS
STARK COUNTY
STATE OF OHIO

| | |
|---|---|
| DONALD ZIRKLE<br>415 Canova Drive<br>Akrno, Ohio 44301,<br><br>    Plaintiff,<br><br>-vs.-<br><br>MENARDS<br>3725 Erie Street, South<br>Massillon, Ohio 44646,<br><br>    and<br><br>JOHN DOES 1-10, JANE DOES 1-10,<br>DOE PARTNERSHIPS 1-10, DOE<br>CORPORATIONS 1-10, DOE<br>GOVERNMENTAL AGENCIES 1-10 and<br>DOE ENTITIES 1-10,<br><br>    Defendants. | Case No. **2019CV01179**<br><br>Judge: **Farmer**<br><br>COMPLAINT:<br><br>1. Negligence: Premises Liability |

Now comes, DONALD ZIRKLE, Plaintiff herein, by and through his attorney, Robert C. Meeker, of Blakemore, Meeker & Bowler Co., L.P.A., and hereby complains against MENARDS, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL AGENCIES 1-10 and DOE ENTITIES 1-10, names unknown, collectively as Defendants herein, as follows:

A. PARTIES



1. During all relevant times herein, Plaintiff was, and is, a resident of Summit

-1-



County, Ohio, whose residence address is 415 Canova Drive, Akron, Ohio 44319.

2. During all relevant times herein, Defendant MENARDS owned and operated a business in Stark County, whose address is 3725 Erie Street, South, Massillon, Ohio 44646.

3. During all relevant times herein, Defendant Does were, and are, individuals, persons, corporations, partnerships, governmental agencies and entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff(s), or his/her/its/their attorney(s), and could not discover said names who in some manner may be liable to Plaintiff(s), contractually, vicariously, tortiously, jointly and/or severally, arising from the events described herein. Plaintiff(s) will be obtaining updated reports, as to identity, liability, existence of additional claims and/or causes of action or otherwise, in connection with or in addition to the claim or claims herein. Plaintiff(s) reserve(s) the right to plead Defendant Does as party defendant(s) and/or plead additional claim(s) to this action once their identities, capacities, activities, liabilities and claims or causes of action become known.

B. PRELIMINARY STATEMENT

4. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

5. During all relevant times herein, all transactions and occurrences occurred, in whole or in part, in Stark County, Ohio.

6. During all relevant times herein, Defendant Menards owned, managed, operated and/or had an interest in a retail store, located at 3725 Erie Street, South, Massillon, Ohio 44646.

7. During all relevant times herein, Defendant Menards was, and is, in the business



BLAKEMORE, MEE
BOWLER CO., L.I
ATTORNEYS AT LA
495 PORTAGE LAKES
AKRON, OHIO 4431
TEL: (330)253-333
FAX: (330)253-413

-2-

of selling general hardware and lumber merchandise for home improvement projects.

8. During all relevant times herein, Defendant Menards maintained in its lumber department large-sized storage lofts, with a number of slots below the loft that were used as steps to ascend to the loft.

9. The storage loft, which is approximately seven feet high above the floor, stores lumber in a vertical position.

10. On or about June 29, 2017, Plaintiff was a patron at Defendant Menards' store in Massillon, Ohio.

11. While at the store, Plaintiff purchased, at one of Defendant Menards' check-out counters, a 10-foot piece and a 12-foot piece of metal roofing corners.

12. Upon paying for the items, Plaintiff was instructed by an employee to drive to the material department to obtain the items he just purchased; after Plaintiff requested he receive help from a Menard's employee, Plaintiff was told that another employee will meet him there to retrieve the items for Plaintiff.

13. When Plaintiff drove thru Menards' security, he was told that a Menards' employee would meet him in the material department to assist in obtaining the material.

14. When he reached the lumber department, Plaintiff waited for the employee approximately 10 and 15 minutes, before an employee operating a tow motor arrived.

15. However, such employee indicated he was helping another customer.

16. Plaintiff then waited for approximately another 15 minutes; after no other employee arrived to help him, Plaintiff ascended to the loft by stepping into the slots below the



BLAKEMORE, MEE
BOWLER CO., L.I
ATTORNEYS AT LA
495 PORTAGE LAKES
AKRON, OHIO 4431
TEL: (330)253-333
FAX: (330)253-412

-3-

loft, as he saw another employee doing, when Plaintiff was at the store within a few days prior to June 29, 2017.

17. As he descended, Plaintiff fell sustaining substantial bodily injuries.

C. CAUSE(S) OF ACTION

**Count One**
[Negligence: Premises Liability]

18. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

19. During all relevant times herein, Defendants, including Defendants Tavern and Wilhelm, owed a duty of ordinary care to Plaintiff.

20. Defendants, including Defendant Menards, had a legal duty of ordinary care to maintain the premises safe for its business invitees, such as Plaintiff, and keep them safe from harm.

21. To perform its legal duty of ordinary care, Defendant Menards was required to maintain and operate its establishment safely, including, but not limited to, providing assistance to its customers, such as Plaintiff, in retrieving items for them to avoid injuries.

22. Defendant Menards breached its duty of ordinary care when it failed to assist Plaintiff in retrieving the items and, thus, required Plaintiff to retrieve the items himself.

23. Defendant Menards' failure to assist Plaintiff, and thereby requiring Plaintiff to retrieve the items himself, created a dangerous condition of the premises, about which Defendant Menards knew, or should have known, since it was common practice by Defendant Menards' employees to ascend to the loft by stepping into the slots.



BLAKEMORE, MEE
BOWLER CO., L.I
ATTORNEYS AT LA
495 PORTAGE LAKES
AKRON, OHIO 4431
TEL: (330)253-333
FAX: (330)253-413

-4-

24. As a consequence of Defendants' breach, Plaintiff fell to the floor, resulting in substantial bodily injuries and pain and suffering.

25. Defendants knew, or should have known, that their acts and omissions would, and in this case, did, directly and proximately cause substantial bodily injuries and pain and suffering to Plaintiff.

26. As a result, Plaintiff suffered, and continues to suffer, damages in excess of $25,000.00, the true amount of which shall be proven in court.

27. As such result, Plaintiff suffered, and continues to suffer, damages in excess of $25,000.00, the true amount of which shall be proven in court.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A. That, as to Count One, the Court grants in favor of Plaintiff against Defendants, including Defendant Menards, in excess of $25,000.00, as to each Defendant;

B. That the Court finds in favor of Plaintiff that said Defendants are jointly and severally liable to Plaintiff;

C. That the Court grants damages and relief in favor of Plaintiff against Defendants for Plaintiff's costs and expenses incurred, including, but not limited to, court costs, interest, loss of income, other losses and reasonable attorney fees; and

D. That the Court grants further relief and damages in favor of Plaintiff against Defendants, as the Court deems reasonable and proper in the premises.

Dated: Akron, Ohio, May 29, 2019.

Respectfully submitted,

BLAKEMORE, MEE
BOWLER CO., L.I
ATTORNEYS AT LA
495 PORTAGE LAKES
AKRON, OHIO 4431
TEL: (330)253-333
FAX: (330)253-41

-5-

_[signature]_
ROBERT C. MEEKER (#0013019)
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]

Attorney for Plaintiff
DONALD ZIRKLE



BLAKEMORE, MEE
BOWLER CO., L.F
ATTORNEYS AT LA
495 PORTAGE LAKES
AKRON, OHIO 4431
TEL: (330)253-333
FAX: (330)253-413